UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP

---------------------------------------------------------------X

| | |
|---|---|
| **SUPERNUS PHARMACEUTICALS, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**ASCENT PHARMACEUTICALS INC., CAMBER PHARMACEUTICALS, INC., AND HETERO LABS LIMITED,**<br><br>**Defendants.** | **Civil Action No.**<br>______________________<br><br>**COMPLAINT FOR PATENT INFRINGEMENT** |

---------------------------------------------------------------X

Plaintiff Supernus Pharmaceuticals, Inc. ("Supernus" or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant Ascent Pharmaceuticals, Inc. ("Ascent"), Defendant Camber Pharmaceuticals, Inc. ("Camber"), and Defendant Hetero Labs Limited ("Hetero") (collectively, Ascent, Camber, and Hetero are "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent Nos. 9,358,204 ("the '204 patent"); 9,603,853 ("the '853 patent"); 9,662,338 ("the '338 patent"); 11,324,753 ("the '753 patent"); 11,458,143 ("the '143 patent"); and 12,121,523 ("the '523 patent"), attached hereto as Exhibits A–F (collectively, "the patents-in-suit").

## THE PARTIES

2. Plaintiff Supernus is a corporation organized and existing under the laws of Delaware, having a place of business at 9715 Key West Avenue, Rockville, Maryland 20850.

3. Upon information and belief, Defendant Ascent Pharmaceuticals Inc. is a corporation organized and existing under the laws of New York, having its principal place of business at 400 South Technology Drive, Central Islip, New York 11722.

4. Upon information and belief, Defendant Camber Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 800 Centennial Avenue, Suite 1, Piscataway, New Jersey 08854 and offices at 1035 Centennial Avenue, Piscataway, New Jersey 08854 and 1031 Centennial Avenue, Piscataway, New Jersey 08854.

5. Upon information and belief, Hetero Labs Limited is a corporation organized and existing under the laws of India, having a principal place of business at Floor 9-11, Tower 30, RMZ Nexity, Sy. No. 83/1, Knowledge City, Raidurg, Hyderabad - 500081, Telangana, India.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4(k)(1) and/or (ii) Fed. R. Civ. P. 4(k)(2).

8. Upon information and belief, Hetero is the parent company, directly or indirectly, of both Ascent and Camber.[1]

---

[1] *See* Rule 7.1 Disclosure Statement, *Hetero Labs Ltd. v. Otsuka America Pharm., Inc.*, No. 26-1013 (D. Del. Aug. 10, 2026), ECF No. 5 ("Plaintiff Camber Pharmaceuticals, Inc. certifies that its ultimate parent corporation is Hetero Labs Limited."); Rule 7.1 Disclosure Statement, *Otsuka America Pharm., Inc. v. Hetero Labs Ltd.*, No. 25-647 (D. Del. June 2, 2025), ECF No. 26 ("Defendant Camber Pharmaceuticals, Inc. certifies that its ultimate parent corporation is Hetero Labs Limited."); Defendants Hetero Labs Limited, Hetero Labs Limited Unit-V, and Hetero USA, Inc.'s Answer to the Complaint, Affirmative Defenses, and Counterclaims at 4, *Sumitomo Pharma Switzerland GmbH v. Hetero Labs Ltd.*, No. 25-344 (D. Del. May 23, 2025), ECF No. 21 ("Hetero admits that Hetero Labs Limited is the parent corporation of . . . Camber Pharmaceuticals, Inc."); *see also* CARE Ratings Limited, Press Release at 5 (Jan. 8, 2021),

9. Upon information and belief, "Hetero launch[ed] Ascent Pharmaceuticals to support product development in the U.S."[2]

10. Upon information and belief, Defendants are "corporate affiliates"[3] and work in concert to develop, manufacture, import, market, and distribute, and/or sell pharmaceutical products, pursuant to ANDAs, throughout the United States,[4] including throughout the State of New York.

11. Upon information and belief, Ascent, Camber, and Hetero are intimately connected and operate as a unitary business, including in connection with the preparation and submission of Abbreviated New Drug Application ("ANDA") No. 221638 ("Ascent's ANDA") and the manufacture, use, offer for sale, and/or sale in, and/or importation into, the United States of Ascent's viloxazine extended-release capsules (100 mg, 150 mg, and 200 mg) ("Ascent's ANDA Products").

12. Upon information and belief, Ascent, directly or indirectly, develops, manufactures, imports, markets, and distributes, and/or sells pharmaceutical products, including at least 49 generic drug products[5] that are and/or will be manufactured and sold, pursuant to an ANDA, throughout the United States, including throughout the State of New York.

---

https://www.careratings.com/upload/CompanyFiles/PR/08012021063524_Hetero_Labs_Limited.pdf (last visited Sept. 23, 2026) (stating that Ascent Pharma Inc. is 51% owned by Hetero Labs Limited).

[2] Camber Website, Company Timeline, https://www.camberpharma.com/company-timeline/ (last visited Sept. 23, 2026).

[3] *Ascent Pharms., Inc. v. Purdue Pharma L.P.*, No. 24-6166, 2025 U.S. Dist. LEXIS 265590, at *3 n.3 (S.D.N.Y. Dec. 23, 2025) (stating that Camber Pharmaceuticals, Inc. is an Ascent Pharmaceuticals, Inc. "corporate affiliate[]").

[4] Defendant Ascent Pharmaceutical's Answer and Affirmative Defenses to Plaintiff's Complaint at 7-8, *Supernus Pharm., Inc. v. Ascent Pharm. Inc*, No. 23-4015 (D.N.J., Oct. 11, 2023), ECF No. 12.

[5] Ascent Website, Our Portfolio, https://www.ascentpharm.com/products (last visited Sept. 23, 2026).

13. Upon information and belief, "[t]o keep up with growing demand, Hetero formed Ascent Pharmaceuticals in Central Islip, NY, in 2012 to further support product development and production," and "Ascent produces approximately 20 percent of the generic products offered by Camber Pharmaceuticals."[6]

14. Upon information and belief, Camber "commercializes" and "is responsible for marketing" Hetero's products in the United States.[7]

15. Upon information and belief, Ascent "manufactures generic pharmaceuticals for its customer, Camber Pharmaceuticals, Inc.," and "Camber sells generic pharmaceutical products manufactured by Ascent in the United States."[8]

16. Upon information and belief, "[o]nce Ascent produces the medications, it sells approximately 98% of its products to Camber Pharmaceuticals Inc. ('Camber'), a corporate affiliate with a common owner."[9]

17. Upon information and belief, "Camber Pharmaceuticals was established in 2007 as the sales and marketing entity for Hetero's prescription products in the US market."[10]

---

[6] Camber Website, *Camber Celebrates 15 Years of Success* (Sept. 30, 2022), https://www.camberpharma.com/15-years-success/ (last visited Sept. 23, 2026).

[7] Defendants Hetero USA, Inc., Hetero Labs Limited Unit-III, Hetero Labs Limited, and Camber Pharmaceuticals, Inc.'s Answer, Defenses, and Counterclaims to Complaint at 4, *Breckenridge Pharm., Inc. v. Hetero USA Inc.*, No. 24-571 (D. Del. July 19, 2024), ECF No. 13; Complaint at 3, *Hetero Labs Limited v. Otsuka America Pharmaceuticals, Inc.*, No. 26-1013 (D. Del. Aug. 10, 2026), ECF No. 1.

[8] Ascent Pharmaceuticals, Inc.'s Answer, Affirmative Defenses, and Counterclaims to Second Amended Complaint at 9, *Vifor Pharma, Inc. v. Alkem Lab'ys Ltd.*, No. 20-106 (D. Del. Dec. 22, 2021), ECF No. 134; Defendant Ascent Pharmaceuticals, Inc.'s First Amended Answer to Complaint, Affirmative Defenses and Counterclaims at 5, *Relypsa, Inc. v. Alkem Lab'ys*, No. 20-106 (D. Del. Apr. 15, 2020), ECF No. 12.

[9] Complaint at 5, *Ascent Pharmaceuticals, Inc. v. U.S. Drug Enf't. Admin.*, No. 23-7211 (E.D.N.Y. Sept. 27, 2023), ECF No. 1.

[10] Camber Website, *Camber Celebrates 15 Years of Success* (Sept. 30, 2022), https://www.camberpharma.com/15-years-success/ (last visited Sept. 23, 2023).

18. Upon information and belief, Camber is a "100% subsidiary" of Hetero.[11]

19. Upon information and belief, "Ascent Pharmaceuticals, Inc. of Central Islip, New York, [is] Camber's sister company."[12]

20. Ascent is featured on Hetero's corporate website as one of Hetero's "strategically located[] manufacturing facilities," stating that the Ascent Central Islip, New York, manufacturing facility is one of Hetero's "state-of-the-art facilities."[13] This demonstrates that Hetero and Ascent have not maintained corporate separateness, and that Hetero ratifies Ascent's places of business.

21. Upon information and belief, Defendants, directly or indirectly, work in concert to develop, manufacture, import, market, and distribute, and/or sell pharmaceutical products, pursuant to ANDAs, throughout the United States, including throughout the State of New York.

22. According to Camber, "Hetero is one of the world's largest producers of Active Pharmaceutical Ingredients (APIs) and offers over 300 finished dose pharmaceutical products globally."[14]

23. Thus, upon information and belief, Ascent uses API supplied by its parent company, Hetero, to develop its ANDA Products and prepare its ANDA filings that are to be marketed, distributed, and/or sold by Camber.

---

[11] Hetero Website, Presence, https://www.hetero.com/presence (last visited Sept. 23, 2026); *see also* Camber Website, *Camber Celebrates 15 Years of Success* (Sept. 30, 2022), https://www.camberpharma.com/15-years-success/ (last visited Sept. 23, 2026).

[12] Camber Website, *Camber Launches Generic Percocet* (June 12, 2017), https://www.camberpharma.com/camber-launches-generic-percocet/ (last visited Sept. 23, 2026); *see also* Complaint at 15, *Ascent Pharmaceuticals, Inc. v. U.S. Drug Enf't. Admin.*, No. 23-7211 (E.D.N.Y. Sept. 27, 2023), ECF No. 1 (stating "Ascent's sister company, Camber").

[13] Hetero Website, Expertise – Global Manufacturing Facilities, https://www.hetero.com/global-manufacturing-facilities (last visited Sept. 23, 2026).

[14] Camber Website, *Camber Celebrates 15 Years of Success* (Sept. 30, 2022), https://www.camberpharma.com/15-years-success/ (last visited Sept. 23, 2026).

24. Upon information and belief, Defendants and/or their affiliates, directly or indirectly, manufacture and/or direct the manufacture of generic pharmaceutical products for which Ascent is the named ANDA applicant. Upon information and belief, Defendants, directly or indirectly, derive substantial revenue from the sales of such generic pharmaceutical products.

25. Upon information and belief, Defendants will, directly or indirectly, market the Ascent ANDA Products throughout the United States, including in New York, upon approval of the Ascent ANDA.

26. Upon information and belief, Defendants have purposefully availed themselves of the privilege of doing business in the State of New York by continuously and systematically placing goods in the stream of commerce for distribution and sale throughout the United States, including the State of New York.

27. Upon information and belief, Ascent is registered with New York's Department of State, Division of Corporations as a domestic business corporation operating in New York with Department of State (DOS) Identification Number 4136894.[15] Upon information and belief, Ascent is registered with the State of New York's Department of Health as a currently licensed entity "acting as a manufacturer, distributor, importer, exporter, institutional dispenser or institutional dispenser limited of controlled substances, or conducting research, instructional activities or chemical analysis with controlled substances in New York State."[16] Ascent has, therefore, purposefully availed itself of the rights, benefits, and privileges of New York's laws.

---

[15] New York's Department of State, Division of Corporations Website, https://apps.dos.ny.gov/publicInquiry/#search (select "Entity type" and choose "Active," select "Corporation" in the "Entity list" field, and enter into the "EntityName" field "Ascent Pharmaceuticals Inc." and select "Search the Database") (last visited Sept. 23, 2026).

[16] New York's Department of Health Website, Licensing and Certification, https://www.health.ny.gov/professionals/narcotic/licensing_and_certification/ (select "This

28. This Court has personal jurisdiction over Ascent at least because, upon information and belief: (i) Ascent is incorporated New York; (ii) Ascent maintains a principal place of business in New York located at 400 South Technology Drive, Central Islip, New York 11722; (iii) Ascent is doing business in New York and maintains continuous and systematic contacts with this Judicial District, including by working in concert with Hetero and Camber; (iv) Ascent has purposefully directed its activities at residents and corporate entities within the State of New York, including by working in concert with Hetero and Camber; (v) Ascent is in the business of developing and manufacturing generic pharmaceutical products for importation, sale, and/or distribution in the State of New York, including by working in concert with Hetero and Camber; (vi) Ascent has committed, induced, and/or contributed to acts of patent infringement in New York, including by working in concert with Hetero and Camber; (vii) the claims set forth herein against Ascent arise out of or relate to those activities; (viii) it is reasonable and fair for this Court to exercise personal jurisdiction over Ascent; and (ix) if Ascent's ANDA receives final approval, Ascent's ANDA Products will be marketed and distributed by Ascent/Camber in the State of New York, prescribed by physicians practicing in the State of New York, dispensed by pharmacies located within the State of New York, and used by patients in the State of New York.

29. Upon information and belief, "Camber sells generic pharmaceuticals throughout the United States,"[17] including New York.

---

Microsoft Excel file" hyperlink under "Listing of Currently Licensed Entities" and search the Excel file for "Ascent") (last visited Sept. 24, 2026).

[17] Defendants' Answer, First Amended Affirmative Defenses and Counterclaims to Plaintiff's Amended Complaint at 2, *Roxane Lab'ys, Inc. v. Camber Pharm., Inc.*, No. 14-4042 (D.N.J. Sep. 29, 2014), ECF No. 130.

30. This Court has personal jurisdiction over Camber at least because, upon information and belief: (i) Camber is doing business in New York and maintains continuous and systematic contacts with this Judicial District, including with working in concert with Hetero and Ascent; (ii) Camber is in the business of developing and manufacturing generic pharmaceutical products for importation, sale, and/or distribution in the State of New York, including by working in concert with Hetero and Ascent; (iii) Camber has committed, induced, and/or contributed to acts of patent infringement in New York, including by working in concert with Hetero and Ascent; (v) Camber has purposefully directed its activities at residents and corporate entities within the State of New York; (iv) the claims set forth herein as to Camber arise out of or relate to those activities; (v) Camber's contacts with the State of New York (direct and/or indirect) are continuous and systematic; (vi) it is reasonable and fair for this Court to exercise personal jurisdiction over Camber; (vii) Ascent's website states: it has a "collaborative relationship with Camber Pharmaceuticals, Inc.," and "Ascent's commercial products are primarily marketed and distributed under the Camber brand";[18] and (viii) if Ascent's ANDA receives final approval, Ascent's ANDA Products will be marketed and distributed by Camber in the State of New York, prescribed by physicians practicing in the State of New York, dispensed by pharmacies located within the State of New York, and used by patients in the State of New York.

31. Upon information and belief, Hetero actively works with Ascent and Camber to develop, manufacture, import, market, distribute, offer for sale, and/or sell generic drugs throughout the United States, including New York.

[18] Ascent Website, Our Mission, https://www.ascentpharm.com/about/our-mission (last visited Sept. 23, 2026).

32. This Court has personal jurisdiction over Hetero at least because, upon information and belief: (i) Hetero maintains as a place of business the Ascent Central Islip, New York, manufacturing facility, located at 400 South Technology Drive, Central Islip, New York 11722; (ii) Hetero is doing business in New York and maintains continuous and systematic contacts with this Judicial District, including by working in concert with Ascent and Camber; (iii) Hetero is in the business of developing and manufacturing generic pharmaceutical products for importation, sale, and/or distribution in the State of New York, including by working in concert with Ascent and Camber; (iv) Hetero has committed, induced, and/or contributed to acts of patent infringement in New York, including by working in concert with Ascent and Camber; (v) the claims set forth herein against Hetero arise out of or relate to those activities; and (vi) it is reasonable and fair for this Court to exercise personal jurisdiction over Hetero.

33. Upon information and belief, pursuant to § 505(j) of the Federal Food, Drug, and Cosmetic Act ("FDCA") (codified at 21 U.S.C. § 355(j)), Defendants have prepared, submitted, and filed with FDA, and FDA has received, Ascent's ANDA, seeking approval to engage in the commercial manufacture, use, importation, offer for sale, and/or sale of Ascent's ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District.

34. Upon information and belief, Defendants acted collaboratively in the preparation and submission of ANDA No. 221638 to the FDA.

35. This Court has personal jurisdiction over Defendants at least because, upon information and belief, if ANDA No. 221638 receives final approval, Ascent's ANDA Products will be manufactured, sold, distributed, and/or used by Defendants in New York, prescribed by physicians practicing in New York, and/or administered to patients in New York.

36. Upon information and belief, Defendants' acts of preparing and filing ANDA No. 221638 and directing notice of their ANDA submission to Plaintiff are acts with real and injurious consequences giving rise to this infringement action, including the present and/or anticipated commercial manufacture, use, and/or sale of Ascent's ANDA Products before the expiration of the patents-in-suit throughout the United States, including in this Judicial District. Because defending against an infringement lawsuit such as this one is an essential and expected part of an ANDA filer's business, Defendants reasonably anticipate being sued in New York.

37. Ascent's ANDA filing implicating the patents-in-suit directly relates to this litigation and is substantially connected with this Judicial District because it reliably and non-speculatively predicts Defendants' intent to market and sell Ascent's ANDA Products in this Judicial District.

38. Defendants have taken the significant step of applying to FDA for approval to engage in future activities—including the marketing of Ascent's ANDA Products—which, upon information and belief, will be purposefully directed at this Judicial District.

39. Upon information and belief, Defendants will market Ascent's ANDA Products in New York upon receiving final FDA approval of ANDA No. 221638.

40. Upon information and belief, Defendants have thus been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of ANDA No. 221638 and intend to benefit from ANDA No. 221638 upon receiving final FDA approval.

41. Venue is proper in this Court under 28 U.S.C. §§ 1391(b), 1391(c), and/or 1400(b).

## FACTS COMMON TO ALL COUNTS

42. Upon information and belief, on or about August 13, 2026, Defendants sent a letter pursuant to § 505(j)(2)(B)(ii) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C.

§ 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95) regarding the paragraph IV certification that Defendants submitted in ANDA No. 221638 and the patents-in-suit (the "Notice Letter") to Supernus at 9715 Key West Avenue, Rockville, Maryland 20850.

43. The Notice Letter included an Offer of Confidential Access ("OCA") to unspecified portions of ANDA No. 221638, purportedly pursuant to 21 U.S.C. § 355(j)(5)(C)(i)(III).

44. Defendants' OCA accompanying the August 13, 2026, Notice Letter contained numerous unreasonable and overly restrictive provisions. Plaintiff proposed revisions that comport with restrictions that "would apply had a protective order been entered for the purpose of protecting trade secrets and other confidential business information." *See* 21 U.S.C. § 355. Plaintiff and Defendants did not reach agreement on the terms of an Offer of Confidential Access and, to date, Defendants have not produced a copy of ANDA No. 221638 to Plaintiff.

45. According to the Notice Letter, Defendants filed Ascent's ANDA with the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Ascent's ANDA Products.

46. Upon information and belief, Defendants are in the business of, *inter alia*: (i) the development and manufacture of generic pharmaceutical products for sale throughout the United States, including throughout the State of New York, and importing generic pharmaceutical products into the United States, including throughout the State of New York; (ii) the preparation, submission, and filing of Abbreviated New Drug Applications ("ANDAs") seeking FDA approval to market generic drugs throughout the United States, including throughout the State of

New York; and (iii) the distribution of generic pharmaceutical products for sale throughout the United States, including throughout the State of New York.

47. Upon information and belief, Defendants were all actively involved in filing Ascent's ANDA and all stand to benefit from its approval.

48. Upon information and belief, Defendants collaborate to develop, manufacture, import, market, distribute, and/or sell pharmaceutical products, including generic drug products such as Ascent's ANDA Products, that will be manufactured and sold pursuant to an ANDA throughout the United States, including throughout the State of New York.

49. Upon information and belief, Defendants derive substantial revenue from directly or indirectly selling generic pharmaceutical products throughout the United States, including in this Judicial District.

50. Camber's website states: "Camber Pharmaceuticals, established in 2007, is a leading generics company in the U.S. . . ." (https://www.camberpharma.com/company-timeline/ (last visited Sept. 23, 2026)).

51. 21 U.S.C. § 355(j)(2)(B)(iv)(II) requires that a letter notifying a patent holder of the filing of an ANDA containing a paragraph IV certification "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is invalid or will not be infringed." 21 C.F.R. § 314.95(c)(7) requires that such a letter include "[a] detailed statement of the factual and legal basis of the applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement must include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." 21 C.F.R. § 314.95(c)(7)(i)-(ii).

52. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations set out in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

53. Upon information and belief, the Notice Letter does not disclose any unenforceability contentions for the patents-in-suit.

54. Supernus's Qelbree® is sold and marketed under New Drug Application ("NDA") No. 211964, which was approved by the FDA for the manufacture and sale of viloxazine extended-release capsules 100 mg, 150 mg and 200 mg.

55. Qelbree® is a selective norepinephrine reuptake inhibitor indicated for the treatment of Attention Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older.

56. Qelbree®'s recommended dosage is as follows:

- Pediatric patients 6 to 11 years of age: Recommended starting dosage is 100 mg once daily. May titrate in increments of 100 mg weekly to the maximum recommended dosage of 400 mg once daily

- Pediatric patients 12 to 17 years of age: Recommended starting dosage is 200 mg once daily. May titrate after 1 week, by an increment of 200mg, to the maximum recommended dosage of 400 mg once daily

- Adult patients: Recommended starting dosage is 200 mg once daily. May titrate in increments of 200 mg weekly, to maximum recommended dosage of 600 mg once daily

- Capsules may be swallowed whole or opened and the entire contents sprinkled onto applesauce or pudding

- Severe Renal Impairment: Initial dosage is 100 mg once daily. Titrate in weekly increments of 50 mg to 100 mg to a maximum recommended dosage of 200 mg once daily

57. FDA's publication, titled, "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book"), lists six (6) patents, specifically the patents-in-suit, as covering Supernus's Qelbree®. Pursuant to 21 U.S.C. §§ 355(b)(1) and 355(c)(2), the patents-in-suit were submitted to the FDA with or after the approval of NDA No. 211964. The patents-in-suit are listed in the Orange Book as covering Qelbree®.

58. The '204 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on June 7, 2016, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt. Supernus owns all rights, title, and interest in the '204 patent.

59. The '853 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on March 28, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt. Supernus owns all rights, title, and interest in the '853 patent.

60. The '338 patent, titled, "Formulations of Viloxazine," was duly and legally issued by the United States Patent and Trademark Office on May 30, 2017, to Supernus upon assignment from inventors Michael Vieira, Austin B. Huang, and Padmanabh P. Bhatt. Supernus owns all rights, title, and interest in the '338 patent.

61. The '753 patent, titled, "Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD)," was duly and legally issued by the United States Patent and Trademark Office on May 10, 2022, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the '753 patent.

62. The ’143 patent, titled, “Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD),” was duly and legally issued by the United States Patent and Trademark Office on October 4, 2022, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the ’143 patent.

63. The ’523 patent, titled, “Method of Treatment of Attention Deficit/Hyperactivity Disorder (ADHD),” was duly and legally issued by the United States Patent and Trademark Office on October 22, 2024, to Supernus upon assignment from inventor Christopher D. Breder. Supernus owns all rights, title, and interest in the ’523 patent.

64. Upon information and belief, Ascent’s ANDA is based upon Qelbree® (viloxazine extended-release capsules), 100 mg, 150 mg, and 200 mg, as its reference listed drug.

65. Upon information and belief, Ascent’s ANDA Products are viloxazine extended-release capsules, 100 mg, 150 mg, and 200 mg.

66. Upon information and belief, Defendants have represented to FDA in ANDA No. 221638 that Ascent’s ANDA Products are bioequivalent to Qelbree®.

67. 21 U.S.C. § 355(j)(2)(A)(i) requires that an ANDA contain “information to show that the conditions of use prescribed, recommended, or suggested in the labeling proposed for the new drug have been previously approved for a drug listed under paragraph (7).” In addition, 21 U.S.C. § 355(j)(2)(A)(v) provides that an ANDA must contain “information to show that the labeling proposed for the new drug is the same as the labeling approved for the listed drug referred to in clause (i) except for changes required because of differences approved under a petition filed under subparagraph (C) or because the new drug and the listed drug are produced or distributed by different manufacturers.”

68. The Notice Letter does not indicate that Defendants intend to market Ascent's ANDA Products with labeling that materially differs from the Qelbree® label, including, for example, in terms of indications and usage, dosage and administration, dosage forms and strengths, contraindications, warnings and precautions, adverse reactions, drug interactions, use in specific populations, overdosage, description, clinical pharmacology, nonclinical toxicology, clinical studies, how supplied/storage and handling, patient counseling information, or composition of Ascent's ANDA Products. *See, e.g.*, https://www.accessdata.fda.gov/drugsatfda_docs/label/2025/211964s013lbl.pdf#page=21 (last visited Sept. 23, 2026).

69. Upon information and belief, the proposed prescribing information for Ascent's ANDA Products includes a section titled "Indication and Usage" stating that Ascent's ANDA Products are "indicated for the treatment of Attention-Deficit Hyperactivity Disorder (ADHD) in adults and pediatric patients 6 years and older."

70. Upon information and belief, the proposed prescribing information for Ascent's ANDA Products includes a section titled "Dosage and Administration" containing information about the recommended dosage for adult and pediatric patients. Upon information and belief, the proposed prescribing information for Ascent's ANDA Products recommends: (i) administering 100 mg orally once daily as the recommended starting dosage for pediatric patients 6 to 11 years of age, which may be titrated in increments of 100 mg at weekly intervals to a maximum recommended dose of 400 mg once daily, depending on response and tolerability, (ii) administering 200 mg orally once daily as the recommended starting dosage for pediatric patients 12 to 17 years of age, which may be titrated in increments of 200 mg after one week to the maximum recommended dosage of 400 mg once daily, depending on response and

tolerability; and (iii) administering 200 mg orally once daily as the recommended starting dosage for adults, which may be titrated in increments of 200 mg weekly to the maximum recommended dosage of 600 mg once daily, depending on response and tolerability.

71. Upon information and belief, the proposed prescribing information for Ascent's ANDA Products includes a section titled "Mechanism of Action" stating that "[t]he mechanism of action of viloxazine in the treatment of ADHD is unclear; however, it is thought to be through inhibiting the reuptake of norepinephrine."

72. Upon information and belief, the proposed prescribing information for Ascent's ANDA Products includes a section titled "Pharmacodynamics" stating that Ascent's ANDA Products also "bind[] to and inhibit[] the norepinephrine transporter (Ki=0.13 µM)" and "bind[] to and exhibit[] partial agonist activity at the serotonin 5-HT2C receptor (Ki=0.66 µM)."

73. Upon information and belief, Ascent's ANDA Products will have labeling that instruct patients to call their healthcare provider or get emergency help if they experience "new or worse depression" or "new or worse anxiety."

74. Upon information and belief, Defendants jointly developed Ascent's ANDA Products and jointly sought approval from the FDA to sell Ascent's ANDA Products throughout the United States, including within this Judicial District.

75. Upon information and belief, Defendants jointly prepared and submitted Ascent's ANDA and are jointly prosecuting and maintaining Ascent's ANDA.

## FIRST COUNT
## (Defendants' Infringement of the '204 Patent)

76. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

77. Upon information and belief, Defendants submitted Ascent's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Ascent's ANDA Products prior to the expiration of the '204 patent.

78. Upon information and belief, Hetero and Camber provided, are providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Ascent in the preparation, filing, maintenance, and further prosecution of Ascent's ANDA.

79. Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '204 patent.

80. Upon information and belief, Defendants submitted Ascent's ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Ascent's ANDA Products before the expiration of the '204 patent.

81. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

82. Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

83. Under 35 U.S.C. § 271(e)(2)(A), the submission of Ascent's ANDA with a paragraph IV certification to the '204 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Ascent's ANDA Products before the expiration of the '204 patent is itself an act of infringement of the '204 patent.

84. Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Ascent's ANDA Products upon receiving final FDA approval.

85. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Ascent's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '204 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

86. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Ascent's ANDA Products prior to the expiration of the '204 patent will directly infringe the '204 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '204 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '204 patent under 35 U.S.C. § 271(c).

87. Upon information and belief, Ascent's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

88. Upon information and belief, the label for Ascent's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Ascent's ANDA will encourage such third parties to infringe one or more of the claims of the '204 patent.

89. Upon information and belief, the use of Ascent's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Ascent's ANDA

Products will constitute an act of direct infringement of one or more of the claims of the '204 patent.

90. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '204 patent.

91. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '204 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

92. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '204 patent by third parties because: (i) Ascent's ANDA Products constitutes a material part of the formulations claimed in the '204 patent; (ii) Defendants know or should know that Ascent's ANDA Products will be made for uses that directly infringe the formulations claimed in the '204 patent; and (iii) Ascent's ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

93. Upon information and belief, Defendants have acted with full knowledge of the ’204 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’204 patent. Defendants knew of the existence of the ’204 patent, as evidenced by Defendants’ filing of Ascent’s ANDA with a paragraph IV certification specifically referencing the ’204 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Ascent’s ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the ’204 patent.

94. Upon information and belief, the actions described herein relating to Ascent’s ANDA and Ascent’s ANDA Products were done by and for the benefit of all Defendants.

95. This case is “exceptional,” and Supernus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

96. Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## SECOND COUNT
## (Defendants’ Infringement of the ’853 Patent)

97. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

98. Upon information and belief, Defendants submitted Ascent’s ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Ascent’s ANDA Products prior to the expiration of the ’853 patent.

99. Upon information and belief, Hetero and Camber provided, are providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Ascent in the preparation, filing, maintenance, and further prosecution of Ascent's ANDA.

100. Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '853 patent.

101. Upon information and belief, Defendants submitted Ascent's ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Ascent's ANDA Products before the expiration of the '853 patent.

102. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

103. Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

104. Under 35 U.S.C. § 271(e)(2)(A), the submission of Ascent's ANDA with a paragraph IV certification to the '853 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Ascent's ANDA Products before the expiration of the '853 patent is itself an act of infringement of the '853 patent.

105. Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Ascent's ANDA Products upon receiving final FDA approval.

106. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Ascent's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '853 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

107. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Ascent's ANDA Products prior to the expiration of the '853 patent will directly infringe the '853 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '853 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '853 patent under 35 U.S.C. § 271(c).

108. Upon information and belief, Ascent's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

109. Upon information and belief, the label for Ascent's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Ascent's ANDA will encourage such third parties to perform one or more of the methods claimed in the '853 patent.

110. Upon information and belief, the use of Ascent's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Ascent's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '853 patent.

111. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Ascent's ANDA Products and/or distributing the corresponding

labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the ’853 patent.

112. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the ’853 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

113. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Ascent’s ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the ’853 patent by third parties because: (i) Ascent’s ANDA Products constitutes a material part of the methods of treatment claimed in the ’853 patent; (ii) Defendants know or should know that Ascent’s ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the ’853 patent; and (iii) Ascent’s ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

114. Upon information and belief, Defendants have acted with full knowledge of the ’853 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’853 patent. Defendants knew of the existence of the ’853 patent, as evidenced by Defendants’ filing of Ascent’s ANDA with a paragraph IV certification

specifically referencing the ’853 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Ascent’s ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the ’853 patent.

115. Upon information and belief, the actions described herein relating to Ascent’s ANDA and Ascent’s ANDA Products were done by and for the benefit of all Defendants.

116. This case is “exceptional,” and Supernus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

117. Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## THIRD COUNT
## (Defendants’ Infringement of the ’338 Patent)

118. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

119. Upon information and belief, Defendants submitted Ascent’s ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Ascent’s ANDA Products prior to the expiration of the ’338 patent.

120. Upon information and belief, Hetero and Camber provided, are providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Ascent in the preparation, filing, maintenance, and further prosecution of Ascent’s ANDA.

121. Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '338 patent.

122. Upon information and belief, Defendants submitted Ascent's ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Ascent's ANDA Products before the expiration of the '338 patent.

123. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

124. Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

125. Under 35 U.S.C. § 271(e)(2)(A), the submission of Ascent's ANDA with a paragraph IV certification to the '338 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Ascent's ANDA Products before the expiration of the '338 patent is itself an act of infringement of the '338 patent.

126. Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Ascent's ANDA Products upon receiving final FDA approval.

127. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Ascent's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '338 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

128. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Ascent's ANDA Products prior to the expiration of the '338 patent will directly infringe the '338 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '338 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '338 patent under 35 U.S.C. § 271(c).

129. Upon information and belief, Ascent's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

130. Upon information and belief, the label for Ascent's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Ascent's ANDA will encourage such third parties to infringe one or more of the claims of the '338 patent.

131. Upon information and belief, the use of Ascent's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Ascent's ANDA Products will constitute an act of direct infringement of one or more of the claims of the '338 patent.

132. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make,

use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the ’338 patent.

133. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the ’338 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

134. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Ascent’s ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the ’338 patent by third parties because: (i) Ascent’s ANDA Products constitutes a material part of the formulations claimed in the ’338 patent; (ii) Defendants know or should know that Ascent’s ANDA Products will be made for uses that directly infringe the formulations claimed in the ’338 patent; and (iii) Ascent’s ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

135. Upon information and belief, Defendants have acted with full knowledge of the ’338 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’338 patent. Defendants knew of the existence of the ’338 patent, as evidenced by Defendants’ filing of Ascent’s ANDA with a paragraph IV certification specifically referencing the ’338 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Ascent’s ANDA Products before the expiration of the

patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the ’338 patent.

136. Upon information and belief, the actions described herein relating to Ascent’s ANDA and Ascent’s ANDA Products were done by and for the benefit of all Defendants.

137. This case is “exceptional,” and Supernus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

138. Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## FOURTH COUNT
## (Defendants’ Infringement of the ’753 Patent)

139. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

140. Upon information and belief, Defendants submitted Ascent’s ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Ascent’s ANDA Products prior to the expiration of the ’753 patent.

141. Upon information and belief, Hetero and Camber provided, are providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Ascent in the preparation, filing, maintenance, and further prosecution of Ascent’s ANDA.

142. Upon information and belief, Defendants are jointly and severally liable for Defendants’ infringement of one or more claims of the ’753 patent.

143. Upon information and belief, Defendants submitted Ascent’s ANDA with a paragraph IV certification to the ’753 patent for the purpose of obtaining FDA approval to

engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Ascent's ANDA Products before the expiration of the '753 patent.

144. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

145. Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

146. Under 35 U.S.C. § 271(e)(2)(A), the submission of Ascent's ANDA with a paragraph IV certification to the '753 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Ascent's ANDA Products before the expiration of the '753 patent is itself an act of infringement of the '753 patent.

147. Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Ascent's ANDA Products upon receiving final FDA approval.

148. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Ascent's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '753 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

149. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Ascent's ANDA Products prior to the expiration of the '753 patent will directly infringe the '753 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '753 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '753 patent under 35 U.S.C. § 271(c).

150. Upon information and belief, Ascent's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

151. Upon information and belief, the label for Ascent's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Ascent's ANDA will encourage such third parties to perform one or more of the methods claimed in the '753 patent.

152. Upon information and belief, the use of Ascent's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Ascent's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '753 patent.

153. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '753 patent.

154. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement

of claims of the ’753 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

155. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Ascent’s ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the ’753 patent by third parties because: (i) Ascent’s ANDA Products constitutes a material part of the methods claimed in the ’753 patent; (ii) Defendants know or should know that Ascent’s ANDA Products will be made for uses that directly infringe the methods claimed in the ’753 patent; and (iii) Ascent’s ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

156. Upon information and belief, Defendants have acted with full knowledge of the ’753 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’753 patent. Defendants knew of the existence of the ’753 patent, as evidenced by Defendants’ filing of Ascent’s ANDA with a paragraph IV certification specifically referencing the ’753 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Ascent’s ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the ’753 patent.

157. Upon information and belief, the actions described herein relating to Ascent’s ANDA and Ascent’s ANDA Products were done by and for the benefit of all Defendants.

158. This case is “exceptional,” and Supernus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

159. Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

**FIFTH COUNT**
**(Defendants' Infringement of the '143 Patent)**

160. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

161. Upon information and belief, Defendants submitted Ascent's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Ascent's ANDA Products prior to the expiration of the '143 patent.

162. Upon information and belief, Hetero and Camber provided, are providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Ascent in the preparation, filing, maintenance, and further prosecution of Ascent's ANDA.

163. Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '143 patent.

164. Upon information and belief, Defendants submitted Ascent's ANDA with a paragraph IV certification to the '143 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Ascent's ANDA Products before the expiration of the '143 patent.

165. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

166. Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

167. Under 35 U.S.C. § 271(e)(2)(A), the submission of Ascent's ANDA with a paragraph IV certification to the '143 patent for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Ascent's ANDA Products before the expiration of the '143 patent is itself an act of infringement of the '143 patent.

168. Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Ascent's ANDA Products upon receiving final FDA approval.

169. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Ascent's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '143 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

170. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Ascent's ANDA Products prior to the expiration of the '143 patent will directly infringe the '143 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '143 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '143 patent under 35 U.S.C. § 271(c).

171. Upon information and belief, Ascent's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

172. Upon information and belief, the label for Ascent's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of

Ascent's ANDA will encourage such third parties to perform one or more of the methods claimed in the '143 patent.

173. Upon information and belief, the use of Ascent's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) according to the instructions on the label of Ascent's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '143 patent.

174. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '143 patent.

175. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '143 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

176. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to

the infringement of the ’143 patent by third parties because: (i) Ascent’s ANDA Products constitutes a material part of the methods of treatment claimed in the ’143 patent; (ii) Defendants know or should know that Ascent’s ANDA Products will be made for uses that directly infringe the methods of treatment claimed in the ’143 patent; and (iii) Ascent’s ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

177. Upon information and belief, Defendants have acted with full knowledge of the ’143 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’143 patent. Defendants knew of the existence of the ’143 patent, as evidenced by Defendants’ filing of Ascent’s ANDA with a paragraph IV certification specifically referencing the ’143 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Ascent’s ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the ’143 patent.

178. Upon information and belief, the actions described herein relating to Ascent’s ANDA and Ascent’s ANDA Products were done by and for the benefit of all Defendants.

179. This case is “exceptional,” and Supernus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

180. Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

**<u>SIXTH COUNT</u>**
**(Defendants' Infringement of the '523 Patent)**

181. Supernus repeats and re-alleges each of the foregoing Paragraphs as if fully set forth herein.

182. Upon information and belief, Defendants submitted Ascent's ANDA to FDA pursuant to § 505(j) of the FDCA (codified at 21 U.S.C. § 355(j)) for the purpose of seeking FDA approval to market Ascent's ANDA Products prior to the expiration of the '523 patent.

183. Upon information and belief, Hetero and Camber provided, are providing, and will provide material and significant support, advice, aid, instruction, inducement, and encouragement to Ascent in the preparation, filing, maintenance, and further prosecution of Ascent's ANDA.

184. Upon information and belief, Defendants are jointly and severally liable for Defendants' infringement of one or more claims of the '523 patent.

185. Upon information and belief, Defendants submitted Ascent's ANDA with a paragraph IV certification to the '523 patent for the purpose of obtaining FDA approval to engage in the commercial manufacture, use, sale, offering for sale, and/or importation of Ascent's ANDA Products before the expiration of the '523 patent.

186. Upon information and belief, as of the date of the Notice Letter, Defendants were aware of the statutory provisions and regulations in 21 U.S.C. § 355(j)(2)(B)(iv)(II) and 21 C.F.R. § 314.95(c)(7).

187. Defendants sent the Notice Letter to Supernus purportedly pursuant to 21 U.S.C. § 355(j)(2)(B)(iv) and 21 C.F.R. § 314.95(d)(1).

188. Under 35 U.S.C. § 271(e)(2)(A), the submission of Ascent's ANDA with a paragraph IV certification to the '523 patent for the purpose of obtaining approval to engage in

the commercial manufacture, use, or sale of Ascent's ANDA Products before the expiration of the '523 patent is itself an act of infringement of the '523 patent.

189. Upon information and belief, Defendants will commercially manufacture, use, offer to sell, sell within the United States, and/or import into the United States Ascent's ANDA Products upon receiving final FDA approval.

190. Upon information and belief, Defendants' commercial manufacture, use, sale, offer for sale, and/or importation into the United States of Ascent's ANDA Products would infringe, directly and/or indirectly, one or more claims of the '523 patent under 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c).

191. Upon information and belief, the commercial manufacture, use, offer to sell, or sale of the Ascent's ANDA Products prior to the expiration of the '523 patent will directly infringe the '523 patent under 35 U.S.C. § 271(a), will actively induce another's infringement of the '523 patent under 35 U.S.C. § 271(b), and will constitute contributory infringement of the '523 patent under 35 U.S.C. § 271(c).

192. Upon information and belief, Ascent's ANDA Products will be marketed with labeling that substantially copies the labeling for Qelbree®.

193. Upon information and belief, the label for Ascent's ANDA Products that will be made available to third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists) upon FDA approval of Ascent's ANDA will encourage such third parties to perform one or more of the methods claimed in the '523 patent.

194. Upon information and belief, the use of Ascent's ANDA Products by third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners,

physicians, and/or pharmacists) according to the instructions on the label of Ascent's ANDA Products will constitute an act of direct infringement of one or more of the methods claimed in the '523 patent.

195. Upon information and belief, by making, using, selling, offering for sale, and/or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will knowingly encourage, advise, instruct, urge, aid, and otherwise induce third parties (e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists), to make, use, sell, offer for sale, and/or import into the United States products that infringe the claims, or the making or use of which infringes the claims, of the '523 patent.

196. Upon information and belief, Defendants intend such infringement by third parties, as Defendants are in the business of developing, manufacturing, marketing, selling, and distributing generic pharmaceutical products throughout the United States. Upon information and belief, Defendants know that their actions will induce acts that constitute direct infringement of claims of the '523 patent by, e.g., wholesalers, distributors, retailers, subjects, patients, caretakers, medical practitioners, physicians, and/or pharmacists.

197. Upon information and belief, by offering for sale or selling within the United States or importing into the United States Ascent's ANDA Products and/or distributing the corresponding labeling, package insert, and/or medication guide, Defendants will contribute to the infringement of the '523 patent by third parties because: (i) Ascent's ANDA Products constitutes a material part of the methods of treatment claimed in the '523 patent; (ii) Defendants know or should know that Ascent's ANDA Products will be made for uses that directly infringe

the methods of treatment claimed in the ’523 patent; and (iii) Ascent’s ANDA Products are not staple articles or commodities of commerce suitable for substantial noninfringing uses.

198. Upon information and belief, Defendants have acted with full knowledge of the ’523 patent and its claims and without a reasonable basis for believing that Defendants would not be liable for infringement of the ’523 patent. Defendants knew of the existence of the ’523 patent, as evidenced by Defendants’ filing of Ascent’s ANDA with a paragraph IV certification specifically referencing the ’523 patent. Notwithstanding this knowledge, Defendants have continued to signal their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of the Ascent’s ANDA Products before the expiration of the patents-in-suit. Upon information and belief, through such activities, Defendants specifically intend infringement of the ’523 patent.

199. Upon information and belief, the actions described herein relating to Ascent’s ANDA and Ascent’s ANDA Products were done by and for the benefit of all Defendants.

200. This case is “exceptional,” and Supernus is entitled to an award of reasonable attorneys’ fees under 35 U.S.C. § 285.

201. Unless Defendants are permanently enjoined by this Court, the acts of infringement set forth above will cause Supernus irreparable harm for which there is no adequate remedy at law.

## Prayer for Relief

WHEREFORE, Supernus respectfully requests the following relief:

i. A Judgment declaring that the patents-in-suit are enforceable and not invalid;

ii. A Judgment, pursuant to 35 U.S.C. § 271(e)(2)(A), declaring that the submission to FDA and filing of ANDA No. 221638 with a paragraph IV certification for the purpose of

obtaining approval for the commercial manufacture, use, offer for sale, sale, and/or importation into the United States of Ascent's ANDA Products was an act of infringement of the patents-in-suit by Defendants;

iii. A Judgment pursuant to 35 U.S.C. § 271(a), 35 U.S.C. § 271(b), and/or 35 U.S.C. § 271(c), declaring that the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation into the United States, of Ascent's ANDA Products before the expiration of the patents-in-suit (including any regulatory extensions) would directly and/or indirectly infringe the patents-in-suit;

iv. An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(A), 281, and 283, that the effective date of any approval of Ascent's ANDA Products shall be no earlier than the latest date on which the patents-in-suit expire (including any regulatory extensions);

v. An Order, pursuant to 35 U.S.C. §§ 271(e)(4)(B), 281, and 283, preliminarily and permanently enjoining Defendants and their officers, agents, servants, employees, and attorneys, and any person in active concert or participation or privity with Defendants, from engaging in the commercial manufacture, use, offering to sell, or sale within the United States, and/or importation in the United States, of Ascent's ANDA Products until the expiration of the patents-in-suit (including any regulatory extensions);

vi. A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, awarding Supernus damages or other monetary relief if Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, any product that is the subject of ANDA No. 221638 that infringes the patents-in-suit;

vii. A Judgment, pursuant to 35 U.S.C. §§ 271(e)(4)(C) and 284, declaring that Defendants' infringement of the patents-in-suit is willful and awarding Supernus enhanced damages if

Defendants commercially manufacture, use, offer to sell, or sell within the United States, and/or import into the United States, any product that is the subject of ANDA No. 221638 that infringes the patents-in-suit (including any regulatory extensions);

viii. A Judgment, pursuant to 35 U.S.C. § 285, declaring that this is an exceptional case and awarding Supernus its attorneys' fees and costs; and

ix. Such other and further relief as this Court may deem just and proper.

Dated: September 24, 2026

By: s/ Nicholas F. Giove

Edgar H. Haug
Nicholas F. Giove
Andrew S. Wasson
Kaitlin M. Farrell
**HAUG PARTNERS LLP**
745 Fifth Avenue
New York, NY 10151
(212) 588-0800
ehaug@haugpartners.com
ngiove@haugpartners.com
awasson@haugpartners.com
kfarrell@haugpartners.com

*Attorneys for Plaintiff*
*Supernus Pharmaceuticals, Inc.*